The last case called on the morning docket is Henry Marriage of Halleran, counsel. Good morning, Your Honors. Good morning. My name is Curtis Martin. I'm with the firm of Shaw & Martin here in Mount Vernon, and I represent the petitioner, appellant Roger Halleran. The focus of this appeal is on two paragraphs of the judgment for dissolution of marriage that was entered in January of this year that had to do with maintenance. The first was paragraph 9, in which the trial judge had recited his findings that are required under Section 504A of the Marriage Act, and then concludes that, quote, maintenance is not appropriate at this time, end quote. Then paragraph 10 of the judgment provides that Mr. Halleran is to provide quarterly income statements and annual tax returns to Mrs. Halleran beginning in April of this year, and then, of course, by May of each year with regard to the tax returns. And when we take a step back and look at the transcript as the basis for where these two paragraphs came from, the judge at page 159 of the transcript begins that he is, quote, not convinced based on current dollars that this is a maintenance case, end quote. He then goes on and observes that it's a long-term marriage in excess of 10 years, and then says that he has, quote, no authority to borrow maintenance, end quote, and then, quote, again, that he is not going to award maintenance currently. Before you get any further into the substance, when I read the Jensen case, it became pretty clear that we've got to first look at a jurisdictional issue because both the Jensen case and the district case, Mack can talk about whether or not, if it's a final judgment, regard if there's any reservation of modification or award of maintenance, then it's inappropriate for appeal. Right? Right, and that's one of the things I was going to address. I think we better address that first. Because the lack of the finality and the non-appealable nature of the judgment that Jensen dealt with, that's cited, of course, in the appellee's brief, but there the trial court stated that it would revisit maintenance in six months to assess Mr. Jensen's financial and employment situations, and the appellate court said, well, that deprives us of any jurisdiction to deal with this. Right, so how are we here? Well, I think it's a difference because the trial judge in this case said this isn't a maintenance case. Mack, which is not maintenance, but child support, did say it's not a child support case in the sense that it did not order any child support and reserved it to review in six months. And still they said it was not, there was no jurisdiction because it wasn't final. I would suggest that there's a significant difference between the child support issue and the maintenance issue because child support under the statute is always modifiable based upon a change in jurisdiction. I'm aware of that, but apparently Jensen used that case in order to come to this conclusion. Well, again, I draw a distinction between the fact between Jensen in this case and that here the trial judge says this isn't a maintenance case, and our argument is, quite frankly, that's the end of it at that point. What is the import of the language at this point? That can't just dangle there in space with no import. Assumably it was stated by the trial court for a reason. I acknowledge that. However, again, a distinction I make here is that the trial court didn't specifically say, I'm going to reserve jurisdiction with regard to maintenance. I'm sorry, go ahead, please. Well, I mean, along that same line, the whole reason why it was up in the air, so to speak, is because of the fact that I understood that there was a dissolution of a partnership that had been the sawmill that had been the source of employment for the husband, and that was in the process of being dissolved. And so there was anticipated, I guess, a future employment that might have some income that would make it appropriate. There may have been, but the record really doesn't clearly tell us that point. The judge doesn't specifically tell us that and doesn't specifically say, for that reason that you just described, I'm going to reserve the jurisdiction. He simply says this isn't a maintenance case, as I see it here now, and then just leaves the door open, basically, for Mr. Howland to continue to provide this financial information for... But he says, as I see it now, those were your words, and I don't know if he said exactly that, but he's saying that precisely because of the fact that at the current time there had been a major change in his employment status. And he also says that it has been a long-term marriage, and that's why he wants to review to see if it's appropriate in the future. Yes, but in connection with what you've just raised there, one of the other arguments that I wanted to make is that the judge seems to say, well, he doesn't seem to say, he does say that in this long-term marriage situation I don't have the authority to bar maintenance. I have to confess my ignorance. I don't know where he would come up with that statement from the law. Well, I think a lot of people are confused by the new statute. Well, yes, they are. Attorneys, I should say. And the problem we have, of course, is that we don't have a lot of case law. It gives us some guidance there. If he didn't think he had the authority to bar maintenance, what's the rationale for at this time? What's the rationale for those words? I don't know the answer to that, Judge. I honestly don't know the answer to that. And that's why I'm arguing this was a final judgment when he says that maintenance isn't appropriate here. At this time. But maintenance is always modified. You can always come in on maintenance now under the new statute. But that's the argument here, Judge. There isn't any maintenance awarded to be modified, extended, or even terminated for that matter. He didn't award it. So how do you come back and modify maintenance that doesn't exist? He didn't award it. But I think that's the whole concept of at this time is the placement of those three words is not an indication that he's saying no maintenance. But what is confusing about this order is Paragraph E, Section E. He says each of the parties shall be precluded from seeking a modification of his judgment. How can he do that? Exactly. I thought that was an interesting paragraph. Did you all write that or didn't you write that? Well, I wasn't the trial attorney. In fact, Mr. Halloran, who's here today, represented himself. And, in fact, at the time he had a pretty pointed question, and I thought it was a good question. When the judge began to tell him what he was going to be required to do with regard to his financial information into the future, Mr. Halloran instinctively says, well, Judge, how long do I have to do this? And the judge says, in the record, until hell freezes over, it just goes on. I think I quoted it exactly the way he said it. So my point behind this, and I think I cited the Popovich case, where the court recited the general rule that when a judgment doesn't award maintenance and there's no reservation, express reservation of jurisdiction with regard to the maintenance question, then the party who seeks the maintenance cannot later come in and ask for it. And that's what we're saying here. There's got to be some finality here when the judge says, this isn't a maintenance case, but I'm going to leave it open until hell freezes over. Well, there is that one section, is it 504B or something, that says that even maintenance can be modifiable in the future, but it's got to be kind of unusual. Substantial changes. And again, that's my argument. You have to have some main rights to begin with, to modify, to extend. Isn't the judge basically saying this is a fluid situation? I understand what the emeritus state is at this time, but I don't know enough about how the parties are eventually going to end up to make a ruling on maintenance at this time. And it's a recognition of a paucity of the record that's not necessarily the fault of either party, but that is the universe in which they're inhabiting with this case. And the judge recognizes that he just does not have enough information to make the ruling. So isn't it, in effect, a reservation? Well, I would suggest that it's not because he didn't specifically say so. Right. He didn't say the best words. But what the effect would be. The confusing part is he refers to it as a judgment, that says it can't be modified, which makes you almost believe it's final. That's exactly right. That's what I'm arguing. It's inconsistent. Yes. I'm arguing, number one, it is a final judgment, so therefore there is jurisdiction for this appeal. And number two, it is final, that includes no maintenance. And so the matter is done. And that's essentially what... But even if it's final, we could find that he found there was a potential for maintenance. Yes. I mean, a judge can't say it's not modifiable. Right. He can't say that. Not when it comes to maintenance. Not with maintenance. Well... Well, I mean, at least under the new statute, as I read it, 510A-5, you have to show substantial change in circumstances, which I think is what... As it relates to an award of maintenance. And that's my point. There isn't an award of maintenance here. But I think it's more, as Justice Goldenhoer says, he didn't have sufficient facts, perhaps, at the time. Or maybe he thought one of the parties was not providing sufficient information. I don't know. The record does not indicate that at all. In fact, the record doesn't indicate that the judge had some questions about what the numbers were. He had sufficient information and made a finding that, at this time, there isn't sufficient evidence to suggest that Mr. Halloran should pay to Mrs. Halloran. But even in your quotations from the record, you're saying the judge said, I'm not convinced based on current dollars. Or he said, I'm not going to award maintenance currently. Leaving open the possibility that he suspected there probably was a maintenance case. Was this under $250,000, this case? I believe it was, Your Honor. So the statute applied as to a marriage of less than $250,000? I believe that's correct. In the calculation of the award? Right. Okay, that's Section 5. Okay. But that's, again, part of my point that Subsection B-1, I think is what you're referring to, indicates that the court in Subsection A as well, when you read these two together, indicates that you must have a finding that maintenance is appropriate in the first place before we ever get to Subsection B-1 where the calculation comes into play. And that's the argument is that there isn't any maintenance deemed appropriate. And so what we're asking of the court in this appeal is under, I think it's Supreme Court Rule 266 or maybe it's 366. We're asking for paragraph 10 of this judgment that's otherwise final to be stricken so that it really is final. So Mr. Howland doesn't, not only doesn't have an obligation to pay maintenance, but he doesn't have an obligation to expose his books every quarter and every year to his now ex-wife. So how would the ex-wife know about a substantial change in circumstances? How would she otherwise know if we assume that there's some reservation in the court's mind? Well, in response to that, number one, I don't think she'd have a right to know. Well, assume that she did have some right to modify maintenance. How would she ever know? Through the discovery process. But that would only be after a petition is filed. She can't file a petition. She's in a Catch-22. She can't file a petition unless she has a reasonable basis to believe there's been a substantial change in circumstances. So if she's in a Catch-22 and so it seems like the court's helping her out a little bit. Well, it's certainly a Catch-22 for Mr. Howland because how long does he have to do this? And the judge's answer was an undetermined period of time. I mean, you know, I've already quoted him. So is it rational that the judge looked at this and figured this circumstance with the sawmill, all this will be resolved at some point. And rather than go through the petition process, the discovery process, the war is over, the discovery. Make the report when I think it's right. I'll decide if maintenance is appropriate, and if so, in what amount, and if not, I will say so. Isn't that essentially what Judge Neubauer was saying? I don't know the answer to that, Judge. What I do know is that he didn't expressly reserve jurisdiction. So I rely more on what he didn't say than what he did say. I understand that. And so that's where our argument is, is that he didn't expressly reserve jurisdiction. He didn't award the maintenance. That makes it final. And there isn't any maintenance to be awarded here. Any questions? I think we've run out of questions. You fleshed out my argument very well. Thank you. Counsel. Thank you, Your Honors. Good afternoon. Aaron Carnine or Susan. Was the judgment final or not? That's one of our first questions, and I think that's a good starting point. The two cases that have already been referenced have an answer to that question. Jensen, which has already been referenced, was not final. The other case that's mentioned in Jensen is Lord, yet was final. Both of them were maintenance. Both of them were arguably a reservation of maintenance. Now, here's the difference. In Jensen, by the way, I certainly agree that the order was correct, the language should remain, and that the key language not appropriate at this time was a reservation of maintenance. Now, in Jensen, the court used the term current ability. You used the word current. I say that's the same as in this current case, appropriate at this time. Jensen was not final, but it wasn't final because the reservation was for six months. As an extreme example for you, let's say in this case, our case, Judge Neubauer said, come back in 30 days. You come back in 60 days. It would have been more clear that that judgment was not final. He didn't say that. He should have. The other case, Lord, also uses similar terminology. They say, the appellate court actually says, that the trial court was considering present circumstances. In both Jensen and Lord, no maintenance was awarded. Currently, in Jensen, present circumstances in Lord, and at this time in our case. Lord had two years, a two-year time period. And in that case, the court found that it was appealable because it had an element of finality to it, based upon the length of time of those two cases. So that leaves us with our question. We've got a judgment here that says not appropriate at this time, but doesn't have any time to come back. It doesn't have a time limit on it. That's a question, Your Honors. That's a question for you as to whether or not this was a final judgment or not. For my purposes, for me, for this argument, if it was a final judgment, then my argument is that this is a clear reservation. If it's not a final judgment, then it's for the trial court to say, well, when are we supposed to come back? How long do we have? What are the criteria? So whether it's final or not, for purposes of my argument, it's not. The next question, was it a denial or was maintenance reserved? If it was a denial, then opposing parties' argument makes more sense. If it was a clear denial, then why should you provide income information going forward in the future? But the order, the circumstances, the language lend itself more to the idea that it was certainly reserved. Your Honors had pointed it out. There would be circumstances. This was a partnership. Imagine a similar circumstance. Imagine this exact same circumstance where you have a husband and wife in a partnership with other family members. It falls apart, and at the time of trial, you're not making any money. Those other two cases, Jensen and Lord, Jensen, the husband, had a temporary lack of income. Our case, there's a temporary lack of income because Judge Neubauer said the sawmill is in the process of being dissolved. Husband may have civil employment in the future. The judge is considering the factors in maintenance that he was supposed to consider. Among those factors are the present and future earning capacity of both parties. What about his statement that he did not believe he could not award maintenance? I have two answers for that question. The first answer is I don't know. The second answer is there is a phrase. At least you didn't say so what. I don't know the answer to that question. I thought that same thing. Here's what I think. In the maintenance, the modification statute, there's a provision that for some reason isolates 10-year merits. And in that circumstance, if maintenance isn't awarded, then the window for coming back to request maintenance, it's 10 years long, unless the parties specifically exempt themselves out of that. So that's actually a question that I have, and that's a question in my brief. I don't think any of us know the answer to that question because how long is the window open? How long is that window in time to be able to come back? And this was a 20-year merit, am I right? More than 20, yeah, 1991 merit. So we're in the permanent range. We're 20 years in the permanent range. So the relief that you want from us is to find this is not final and send it back. Well, you know, that's fine with me, too. I mean, to be honest, if you send it back, then my presumption is that you're sending it back saying put a length of time on this thing. Put a year, put a review in two months. If you say it's not, if you say it is final, then, well, where is that finale? If you say it's final, then the decision is, is maintenance denied or is it reserved? It's a final decision. It's reserved. But if it is reserved, for how long? I don't know. Well, then we'd still have to send it back. Yeah. And you know what else? So what can it be? I mean, we'd have to reverse. Yes, and that is the very last sentence in my brief that says, in the alternative, send it back to make a determination of what this means. Now, here's another point. They are requesting to strike Paragraph 10. Paragraph 10 is the one that says provide financial information. Okay? Well, if that paragraph is gone, we still have the paragraph that says maintenance is not appropriate at this time. That still exists, which means that why don't I just come back in a year or two years, file a motion to modify maintenance. That question won't be resolved by what they're requesting, the elimination of that paragraph. So from our argument, to the final or not, it's either reserved or it's denied. It certainly makes sense that it's reserved based upon the factors, the projection of the future, the circumstances of this case and any other case under those kind of scenarios. There's going to be circumstances where, in the context of divorce, and it also works for both parties, there's a downturn. You're not making any money at the time. It wouldn't be fair to say that this window of the trial, for whatever reasons you're not making money, but in the future you might. Especially at a more than 20-year marriage, it would be unfair to presume that circumstance. So I don't know the answer to the question as to how long the window is in the future for marriages above 20 years. According to this current judgment, it's indefinite. Well, I mean, it is a very unusual order in the sense that it just leaves it totally indefinite. I mean, most people get some inkling of what their future is going to be like upon the divorce or there's some period of time that it's determined. And then basically they have to determine through whatever means they can whether or not there's substantial change. And that may be somewhat unfair, but generally you don't have to report in indefinitely. So I do get that this is very unusual. You know what? Let's say that the court in this circumstance, trial court knew about it, denied maintenance. Let's say it was denied. And I appealed that. And I came back here and said, you know what? We should have gotten maintenance. Well, the record would have shown that the husband doesn't make any money at the time. So there is no circumstance in this case where I would have appealed this regardless of what he said. Because under those circumstances, if he said maintenance denied, and I appealed that, I'm appealing a window of time in which the husband makes no money. And I would forever lose. So surely, to be fair to both parties, there should be a window of time in the future. Admittedly, this judgment doesn't have one. And that was my thought as going through this, that to solve that problem. Unless the window of time is indefinite. But in whatever circumstance, he reserved me. There's no motion to clarify this order. Correct. There was not. Threw it in our laps. Unless there's any other questions, your Honor, that's all I have. I don't think so. Thank you, sir. Thank you. Thank you. My response is that the current judgment in Ms. Haller's argument here this morning tends to lend to a never-ending maintenance scenario. In other words, oftentimes I'll talk to my clients about the waiver of maintenance and the effect of that and so forth. And I'll say to them, hey, look, you get divorced today and the maintenance is waived in this circumstance. And tomorrow your ex-spouse hits the lottery and becomes Illinois' newest millionaire. Too bad. It's over. That's what we don't have in this scenario. This just goes on and on and on. Well, we don't have any real resolution initially. That's the difference between your scenario and his. And it's because of the circumstances at the time of the divorce. Yes. So I think that actually Mr. Carnine has said basically it has to go back for some kind of determination as to a time. At a minimum, I think we would ask that. I mean, obviously we come before you and we say use your authority under the Supreme Court rules to just strike Paragraph 10 and be done with this and give these parties some finality. But at a minimum, I think it does need to be sent back for some time frame to be dealt with here as it relates to the review of the maintenance. So unless there are any other questions, I mean, that's just simply my short response. I don't think so. Okay. Thank you. Thank you. We appreciate the briefs and arguments. Counsel will take the case under advisement. We are recessed to one. All right.